A. R. Douglass, Inc., a corporation, *Plaintiff in Error,* vs. Mary L. McRainey, as Administratrix of the Estate of W. H. McRainey, deceased, *Defendant in Error.*
137 So. 157.
En Banc.
Opinion filed October 8, 1931.
Petition for rehearing denied November 18, 1931.

*Clark W. Jennings* and *W. H. Poe,* for Plaintiff in Error; *Dickinson & Dickinson,* for Defendant in Error.

MATHEWS, C.—This action was brought on January 23, 1929, for accrued rental, taxes paid by plaintiff on leased lands, repairs made to buildings on leasehold property, damages for failure to construct and complete additions to buildings and for future rentals.

The amended declaration sets forth that A. R. Douglas was the owner of a lot in Orlando, Florida, on which was located a building; that on August 5, 1924, Douglas and wife entered into a 99-year lease on this property with J. B. Warren; that on December 1, 1924, J. B. Warren assigned the lease to W. H. McRainey, the latter agreeing to abide by the terms of the lease and assuming all obligations thereunder; that Douglas agreed to the assignment; that McRainey went into possession of the premises and remained in possession of the premises until about the first week in May, 1928, when he vacated the premises and abandoned the lease and since that time he and his legal representatives have failed and refused to comply with any of the terms thereof. It is alleged that McRainey died on July 29, 1928, and that Mary L. McRainey was duly appointed administratrix of his estate on August 16, 1928; further, it is alleged that on February 11, 1927, Douglas conveyed the property to the plaintiff A. R. Douglas, Inc.

A plea interposed to the several counts of the amended declaration sets up that the defendant, as administratrix, published a notice to creditors of the estate as required by law, beginning on August 24, 1928, and that the plaintiff failed to file any claim in the office of the county judge of Orange County within one year succeeding the publica-

tion of the notice. This plea was held good, and final judgment was entered for the defendant on demurrer.

The principal question presented for determination is: Where a claim against an estate has not been sworn to and filed with the county judge within one year from the first publication of notice, does the fact that an action at law was brought in the circuit court on such claim before the expiration of such time of itself prevent the statute of nonclaim from being a bar to recovery?

Chapter 11994 Acts of 1927, governs this case inasmuch as same went into effect June 4, 1927, and the decedent died subsequent to that time. The title of the Act shows that it is a revision of the law of notice and nonclaim relating to estates of decedents. Section 4, expressly repeals all laws or parts of laws in conflict with the same.

Section 2 of Chapter 11994, Acts of 1927, (excepting the proviso) is as follows:

"No claim or demands shall be valid or binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate, at his office in the court house of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 1 hereof shall be barred by limitation." See Section 5599, Compiled General Laws of Florida, 1927.

In Tucker v. First National Bank of Lakeland, 98 Fla. 914, 124 So. 464, and in State Bank of Orlando v. Macy, 101 Fla. 140, 133 So. 876, it was held that an administrator can waive the failure to file the claim with the county judge. And in First Trust & Savings Bank v. Henderson, 101 Fla. 1437, 136 So. 370, the legal representative paid certain claims which had not been sworn to and filed with the county judge, but which claims otherwise appeared to be legitimate, and this Court held that beneficiaries under the will could not recover against the legal representative personally for funds so paid out.

1144

There is no question of a waiver in this case, as the defendant executrix has all along contested the right of plaintiff in error to maintain this action; first by demurrer to the original declaration and after amendment of the declaration by plea in bar setting forth failure on the part of the plaintiff to comply with the statute.

Chapter 11994, Laws of Florida, 1927, is specific that no claims or demands shall be binding upon an estate or against the executor or administrator thereof unless duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate, at his office in the court house of said county. See Sec. 5599, Compiled General Laws of Florida, 1927. The statute is quite clear and simple and no reason is made to appear for resorting to rules of statutory interpretation or construction in order to ascertain the import thereof.

The intention and meaning of the Legislature must primarily be determined from the language of the statute itself and not from conjectures aliunde. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. 25 R. C. L. 961-2.

It follows that where a claim against an estate has not been sworn to and filed with the county judge within one year from the first publication of notice, the fact that an action at law was brought in the circuit court on such claim before the expiration of such time does not of itself prevent the statute of nonclaim from being a bar to recovery. See Chapter 11994, Laws of Florida, 1927, Sec. 2 (Sec. 5599 Compiled General Laws of Florida, 1927); Reed v. Bloodworth, 200 Ala. 444, 76 So. 376; 24 C. J. 348.

The final judgment of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared

under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the court below be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.