SOPHIE M. SCHILLING, SOPHIE M. SCHILLING BROOKS, as
Administratrix of the estate of Louis Schilling, deceased;
LOUIS K. SCHILLING, a minor, and C. B. PEELER, ESQ., as
guardian ad litem for LOUIS K. SCHILLING, a minor,
*Appellants*, v. FRED E. BRIGGS and L. BERT MASSER, co-
partners doing business under the name of BIGGS &
MASSER, *Appellees*.

146 So. 559.

En Banc.

Opinion filed February 21, 1933.

*C. B. Peeler,* for Appellants;

*Harry Katz* and *Damon Yerkes,* for Appellees.

DAVIS, C. J.—Suit was brought in Chancery in the Circuit
Court of Duval County, to enforce a mechanic's lien against
certain property alleged to be owned by one of the defen-
dants, Louis M. Schilling. Mrs. Schilling was made a
joint party defendant. While the suit was in progress,
Mr. Schilling died. Thereafter Mrs. Schilling duly quali-
fied as administratrix of her husband's estate and gave the
notices required by law to be given to all creditors to present
their claims within one year, or be barred from enforcing
them. The claim in suit was not presented to the adminis-
tratrix or filed in the office of the County Judge, as required

by Sections 5597-5598 C. G. L. 3732 R. G. S. as amended. But complainants, within the time limited by law for the presentation of claims against the Louis M. Schilling estate, did obtain an order from the Chancellor granting complainants' leave to make the heirs of Louis M. Schilling, deceased, parties to the cause, and to amend the bill of complaint for that purpose. Thereafter this was followed up by a motion to revive the suit and proceed with it as one against the administratrix and the heirs of the deceased defendant, Louis M. Schilling. The Chancellor granted the motion to revive over the objections of the administratrix. The appeal is from that order.

The defendant, Louis M. Schilling, died on June 23rd, 1929. Suggestion of his death was filed December 9th, 1929. On January 3rd, 1930, motion for an order of revivor was filed and an order for revivor was made and entered of record in the cause. On July 27th, 1932, solicitors for complainant served upon Sophie M. Schilling, who was a defendant in her own right as well as administratrix, notice of a motion to vacate certain orders, to show cause why the suit should not be revived against her as administratrix and to revive the suit. This motion was objected to by the administratrix who set up in her objections that she had been appointed and qualified as administratrix on May 2nd, 1930, had duly given and published notice in writing to all who had claims against the deceased, to present same within one year; that although more than two years had elapsed since the issuing of letters of administration on the estate of the deceased, that complainants' claim had not been sworn to and filed in the office of the County Judge as required by law, and was therefore barred. The objections so made were supported by evidence attached thereto. All of the objections were overruled and a motion to dismiss the suit was denied by the Chancellor.

The purpose of the statute requiring the presentation of claims against estates of deceased persons, is merely to secure the establishment of the justness of all claims and to facilitate an expeditious settling of the estate. First Trust & Savings Bank v. Henderson, 101 Fla. 1437, 136 Sou. Rep. 370. It is also established in this State that a party having claims or demands against the estate of an intestate must presume some course to present them, as mere knowledge on the part of the representative of the estate of the existence of the claims or demands is not sufficient to constitute a waiver; although there may be a legal waiver of the required presentation under certain conditions and circumstances. State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 141, 133 Sou. Rep. 876.

In Douglass v. McRainey, 102 Fla. 1141, 137 Sou. Rep. 157, this Court definitely held that Chapter 11994, Laws of Florida, 1927, is specific that no claims or demands shall be binding on an estate or against the executor or administrator thereof, unless duly sworn to and presented to the County Judge of the county granting letters testamentary or of administration of an estate, at his office in the courthouse of said county, and that the statute, being clear and simple in its import, would not be construed as not applying to a case where, though the claim sued on was not presented within the time, and according to the manner, required by it, yet suit was brought on it within the statutory period allowed for presenting claims. That case, however, is simply authority for the proposition that bringing an action at law in the Circuit Court against an administrator within the time allowed for filing claims with the County Judge, does not amount to such a presentation of the claim to the administrator as to preclude the administrator from pleading its non-presentation within the time required by law, where the claim has not been

filed with the administrator personally, or with the County Judge, during the one year period allowed after publication of notice.

But in cases where a suit is pending against one at the time of his death, it is generally held that where the plaintiff, within the time limited for the presentation of claims, obtains an order for revivor, or for making the administrator a party to the suit, that such order is equivalent to, and dispenses with, the actual presentation of the claim in the statutory way. 24 C. J. 321, Section 940 (2).

In the present case the purpose of the suit was to enforce a mechanic's lien on specific property concerning which the statutes gave a lien on the "subject" of the labor, pursuant to the constitutional purpose evidenced by Section 22 of Article XVI of the Constitution. The owner of the property was made a party to the suit, but died during its pendency. Thereafter the complainant acted with all due diligence in procuring an order of revivor upon learning of the defendant's death. This order was entered less than one year subsequent to the death of the defendant and was sufficient to dispense with any further presentation according to Chapter 11994, Acts of 1927, at least in the absence of some specific insistence on it by the administratrix when she was apprised by the order of revivor first made, of the complainant's intention not to abandon, but to proceed with, the enforcement of the lien sought to be enforced against the deceased, during his lifetime. The fact that further proceedings in connection with the matter were sought more than two years later, is immaterial, since the first action taken, was well within the year.

We hold, therefore, that where a suit has been brought to enforce a mechanic's lien against real estate, the owner and his wife being made parties defendant, and thereafter the owner dies while the suit is pending, that the making

of an order reviving the suit against the administratrix of the deceased owner, and his heirs, is equivalent to, and dispenses with, the actual presentation of the claim to the administratrix of the estate of the deceased, as required by Chapter 11994, Acts of 1927, where the initial steps for revivor were taken within the one year period allowed for presentation by the special statute on the subject of presenting claims against estates. See Ellison v. Allen, 8 Fla. 206.

The other points argued have been examined, but no error warranting reversal has been found. The order appealed from should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.