M. A. SMITH, as Liquidator of Atlantic Bank & Trust COMPANY, v. ALICE S. FESCHHEIMER and MARCUS FESCHHEIMER, as Executors of the Last Will and Testament of S. Marcus Fechheimer, deceased.

169 So. 395.
Division A.
Opinion Filed June 30, 1936.

758

*Scarlett & Futch,* for Plaintiff in Error.

*Green & West* and *L. N. Green,* for Defendants in Error.

BROWN, J.—This case comes before this Court on writ of error from the Circuit Court of Volusia County, Florida, wherein M. A. Smith, as Liquidator of the Atlantic Bank and Trust Company, a defunct corporation, sought to en-

force as against the executors of one S. Marcus Fechheimer, an assessment made on September 19, 1929, by the Comptroller of the State of Florida upon certain capital stock, owned by the deceased, of the above mentioned corporation, and that no part of such assessment had been paid.

The defendant filed seven pleas, but upon motions and demurrers all of the pleas were eliminated except the seventh plea which raises the questions here involvd.

The seventh plea in substance averred that S. Marcus Fechheimer died on or about March 23, 1932; that on April 13, 1932, letters testamentary were duly issued to the defendants; that the defendants as executors caused a notice to be published in accordance with law once a week for eight consecutive weeks, the first notice being published on April 23rd and the last on June 18th, 1932, notifying creditors * * * and all persons having claims against the said estate to present the same to the County Judge of Volusia County, Florida, within twelve months of the first publication thereof; that on June 27, 1932, proof of publication was duly filed, and further averring:  ·

"That plaintiff's claim was not duly sworn to and presented to the County Judge of Volusia County, at his office in the Courthouse in said county within twelve months from the time of the first publication of said notice on April 23, 1932, as aforesaid; that defendants have never paid or caused to be paid any sums of money upon plaintiff's claim since the death of said S. Marcus Fechheimer.

"Wherefore, the defendants aver that plaintiff's claim has become a non-claim and has become barred, lost, forfeited and extinguished and is no longer a binding debt, demand or claim against these defendants as executors of the estate of S. Marcus Fechheimer, Deceased."

A demurrer to the seventh plea was overruled, and plain-

tiff declining to plead further final judgment was thereafter entered in favor of the defendants.

This suit was begun on July 8, 1932, when praecipe for summons was filed, but so far as the record shows, the first time the defendants had any notice of this claim was on November 28, 1933, when they were served with a *pluries summons ad respondendum,* which was considerably more than a year after the first publication of notice to creditors.

The plaintiff in error contends that the filing of this action at law against the executors of the deceased stockholder within the time required by law was sufficient presentation without filing any proof of such claim with the county judge as required by statute; that the assessment is a statutory liability and the statute of nonclaim has no application; that Section 6059 C. G. L. of 1927 imposes a liability independent of the filing of any claim.

The first contention is clearly refuted by our holding in Douglas, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157. The Act here involved is Chapter 11994, of the Laws of 1927, Section 2, now appearing as Section 5599-5600, Comp. Gen. Laws of 1927, and is as follows:

"Claims against estates to be sworn to; Limitations.—No claims or demands shall be valid or binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate at his office in the court house of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 5597, shall be barred by limitation; provided, however, that the lien of a duly recorded mortgage of real property and the right to foreclose same shall not be impaired or affected by failure to present same

as hereinabove provided but that the limitation imposed by this law shall merely bar the right of enforcement of personal liability against the estate of the decedent (Cha. 10119, Acts 1925, Section 2; Cha. 11994, Acts 1927, Section 2).".

Section 5611, C. G. L. 1927, derived from the statute of 1828, was superseded or amended in part at least by Section 2 of Chapter 10119, and Section 2 of Chapter 11992, and as so amended is set forth at page 680 of Cum. Sup. to C. G. L., 1932, where under the heading, "Effect of Nonclaim," the following appears: 5611 (3739) *Upon claims generally.*—All debts and demands of *whatsoever nature* against the estate of any testator or intestate which shall not be presented to the county judge of the county granting letters testamentary or of administration on the estate, at his office in the courthouse of said county within twelve months, after the first publication of the notice provided for by Section 5597, *shall forever afterward be barred,* saving however, to infants," etc. (Nov. 20, 1928, Sec. 39; Ch. 10119, Acts of 1925, Sec. 2; Ch. 11994, Acts 1927, Sec. 2). (Italics supplied.)

We are not concerned here with Section 39 of the old statute of 1828, which is Section 3739 of the Rev. Gen. Stats. of 1920, and which only required that debts and demands should be presented to the executor or administrator within two years after the first publication of notice, without saying how the presentation should be made. Under that statute it was held that the bringing of suit was the equivalent of presentation to the executor or administrator. Fillyau v. Laverty, 3 Fla. 72; Ellison v. Allen, 8 Fla. 206; Anderson v. Agnew, 20 So. 766, 38 Fla. 30. Nor are we here concerned with Sections 119 and 120 of the Probate Act of 1933 (Ch. 16103, Acts of 1933) dealing with this same subject, and making some changes in and additions

to the statute of 1927, Chapter 11994, which latter statute governs this case.

In Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. at page 752, Mr. Justice ELLIS, speaking for the court, said: "The principle is that the limitation of time within which claims may be presented for allowance in the probate court is inseparable from the peculiar procedure prescribed in each jurisdiction. It is part of the procedure and not like a general statute of limitations, and can be applied only to persons who are bound by such special mode of procedure. But when the statute or non-claim makes no exceptions as to any persons or class of persons, the courts can make none. 24 C. J. 335.

Further, on page 753, Mr. Justice ELLIS said: "A statute of nonclaim while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of court, the orderly, expeditious and exact settlement of the estates of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from the provisions of the statute exist, the court is powerless to create one. If such were not the case, the settlement of an estate might be deferred indefinitely, and the heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent, kept out of the enjoyment of their possessions and deprived of the benefits secured to them by the laws of the state for such unreasonable time as to practically deprive them of their property."

With the exception of the mortgage lien and right to foreclose same the Legislature did not see fit to exempt other debts and demands from the operation of the statute, and this court is powerless to create such an exemption.

Section 5599-5600 C. G. L. 1927, states unequivocally

that: "No claims or demands shall be valid or binding upon an estate or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge * * *"

Further, Section 5611 as amended states that: "All debts and demands of *whatsoever nature* * * * which shall not be presented to the county judge * * * within twelve months after the first publication of the notice * * * *shall forever be barred* * * *"

The clear meaning of the above section is to make the statutory requirements mandatorily essential, with the single exception as to mortgage liens mentioned in the statute.

A statute giving a remedy for the collection of claims against the estates of deceased persons and fixing a time for their presentation to the court furnishes the exclusive remedy for the collection of such claims. See Fields v. Mundy, 106 Wis. 383, 82 N. W. 343, 80 A. S. R. 39.

In Schilling v. Biggs, 108 Fla. 351, 146 So. 559, it was held that: "Claims against estate must be timely presented; representative's knowledge of the existence of claims not constituting waiver of presentation."

In the above case Mr. Justice DAVIS, speaking for the Court, recognized the holding in the previous case of Douglas, Inc., v. McRainey, *supra,* as controlling on the question there involved, and said: "In Douglas, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157, this court definitely held that Chapter 11994, Laws of Florida, 1927, is specific; that no claims or demands shall be binding on an estate or against the executor or administrator thereof, unless *duly sworn to* and presented to the county judge of the county granting letters testamentary or of administration of an estate, at his office in the courthouse of said county, and that the statute, being clear and simple in its import, would not be

construed as not applying to a case where though the claim sued on was not presented within the time, and according to the manner required by it, yet suit was brought on it within the statutory period allowed for presenting claims."

It was held in the case quoted from that the McRainey case did not apply to a suit pending against the deceased when he died.

The statutes act upon "all debts and demands" against the estate of the deceased. And the 1927 Act uses the word "claim" also. More comprehensive terms, it is conceived, could not well be employed to express the intention of the Legislature. "Debt" is a word of known signification, and is used in law to express a sum of money, or even goods and services due upon any contract, express or implied. Holman v. Hollis, 94 Fla. 614, 114 So. 254. "Demand" is a term still more comprehensive, and embraces any right of action upon which a recovery may be had in an action at law. Some courts have held it to be practically synonymous with the word "claim," than which there is no broader term known to the law. See 18 C. J. 479; 11 C. J. 816. But even if construed as used in this statute to mean any pecuniary demand which could have been enforced in the courts against the decedent in his lifetime, the term used would still be broad enough to cover the demand sued on in this case.

As was said in Douglas v. McRainey, *supra,* the opinion in which was unanimously concurred in by all the members of this court:

"The statute is quite clear and simple and no reason is made to appear for resorting to rules of statutory interpretation of construction in order to ascertain the import thereof.

"The intention and meaning of the Legislature must pri-

marily be determined from the language of the statute itself and not from conjectures *aliunde*. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." 25 R. C. L. 961-2.

"It follows that where a claim against an estate has not been sworn to and filed with the county judge within one year from the first publication of notice, the fact that an action at law was brought in the circuit court on such claim before the expiration of such time does not of itself prevent the statute of nonclaim from being a bar to recovery."

The statute is not only for the information, assistance and security of the legal representatives, but for the benefit of the heirs and distributees, and in some cases, of creditors as well. The prompt, definite and final settlement of estates is usually best for all concerned. By means of the statute the executor or administrator is enabled to ascertain within a reasonable time what debts or demands are due by the estate so that he can discover whether the estate is solvent or not; while it enables the distributees or legatees to demand distribution of the estate when it is not necessary for the administrator or executor to retain it longer for the purpose of paying debts.

The second and last contention of plaintiff in error is that the statutes of nonclaim hereinabove referred to do not apply to an assessment for the double liability of holders of bank stock made by the comptroller pursuant to our statutes; that the claim arising under Section 6059 C. G. L. is a statutory liability and exists independently of the statutes of nonclaim and cannot be affected thereby.

We have held that the liability of stockholders in a

banking corporation arising under Section 6059 C. G. L. is primarily contractual in its nature and accrues when the assessment is duly made by the comptroller. Lisenby v. Motes, 108 Fla. 254, 146 So. 570, and cases therein cited. In the instant case, the assessment had been made by the Comptroller and the claim against the testator perfected some months before his death. It therefore was an existing claim at the time of his death, and the claim is barred as against his estate by reason of the failure to present the claim to the county judge as required by the statute of nonclaims then in force and effect. See Board of Bank Examiners v. Grenada Bank (Miss.) 99 So. 903, and Mann v. Kleisdorff, 16 Fed. (2d) 997. The opinion in that case by Circuit Judge Bryan is conclusive of the question here involved. On account of the importance of the question and the clearness of its treatment by Judge Bryan, we quote the following paragraphs from his opinion:

"The liability sought to be enforced dates from the assessment by the Comptroller of the Currency. Rankin v. Barton, 199 U. S. 228, 26 S. Ct. 29, 50 L. Ed. 163. Under R. S. 721, (Comp. St. 1538), there being no federal statute, the law of Mississippi is to be regarded as the rule of decision in this case, and the liability of a stockholder of a national bank, or his executor, is subject to the state statute of limitations. Campbell v. Haverhill, 155 U. S. 610, 15 S. Ct. 217, 39 L. Ed. 280; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437. It has been held by the Supreme Court of Mississippi that the nonclaim statute in question is a statute of limitations. Miller v. Trustees of Jefferson College, 5 Smedes & Smedes & M. (Miss.) 437.

"We are in accord with that view. To the end that estates may be promptly settled, it is the common, if not the

universal, policy of the several states to bar by legislation claims against the estates of the dead within a less period of time than is required for the assertion of claims against persons who are living. The provision in R. S. 6152, to the effect that funds in the hands of the legal representative of a deceased person shall be liable in like manner and to the same extent as the deceased person interested would be, if living, does not have the effect of depriving a state of the power to make a difference in the time within which claims will be barred if not presented, on the one hand, to an executor, or, on the other, to the person interested if he be living. That section has no reference to the time of presentation of a claim, but only makes the funds in the hands of the legal representative as fully liable as the deceased would be if living. Doubtless the receiver would not be barred within the six months set up as a bar by the statute of Mississippi, if the assessment had not been made by the Comptroller until after the period covered by the bar of the statute had run. In that event, the receiver would have been entitled to pursue his remedy against the funds of the decedent into whosoever hands they might have come."

In the case just quoted from suit had been filed by the Federal Bank Receiver in the United States District Court of Mississippi to recover an amount equal to the par value of the stock held by a stockholder in a failed National Bank. The declaration alleged the making of the assessment by the Comptroller of the Currency pursuant to the United States Revised Statutes, during the lifetime of the testatrix-stockholder, but it was not until a year afer her death that suit was brought against her executrix. The Mississippi statute required the personal representative to publish a notice to creditors requiring all claims against the estate to

be probated and registered within six months, and provided that all claims not so probated and registered should be barred. The defendant executrix, relying upon this statute, filed a plea in bar of the suit. The District Court upheld the sufficiency of this plea as against the demurrer, and, plaintiff declining to join issue on it or to plead further, dismissed the suit. The Circuit Court of Appeals affirmed that judgment. It was contended in that case, as here, that the nonclaim statute of Mississippi was inapplicable, and also in conflict with the Federal Statute R. S. 5152. So the decision in that case is in point with the decision here.

While this exact question has not heretofore been ruled upon by this court, we have decided a question closely akin to it in the case of Brooks v. Federal Land Bank, 106 Fla. 412, 143 So. 749. In that case our holding was that a Federal Land Bank was bound by our State nonclaim statute, in respect to mortgages on property of an estate, for which claim was not filed within the prescribed period. The opinion of Mr. Justice ELLIS, speaking for the Court in that case, is very enlightening, and the principles therein laid down lead to the same conclusion which we have arrived at in this case. It was contended in that case that as the notes and mortgage sought to be foreclosed were instrumentalities of the United States given to a Federal agency, the State statute of nonclaim would not operate. In the opinion, among other things it was said that:

"While the jurisdiction of a Federal Court and the methods and principles upon which it is exercised are not to be affected by the legislation of a state, the power of a State Legislature to fix a time within which relief is to be sought is generally recognized."

The demurrer to the seventh plea was properly overruled and the judgment is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.