Jefferson Standard Life Insurance Company, a Corporation, v. Estate of Jose Lovera, *et al.*

171 So. 512.

En Banc.

Opinion Filed September 11, 1936.

Rehearing Denied December 5, 1936.

Further Rehearing Denied January 12, 1937.

*Paul Game, Harry N. Sandler* and *C. Edmund Worth,* for Appellant;

*Macfarlane, Jackson, Hansbrough & Ferguson,* for Appellees.

DAVIS, J.—The decisive question presented by this record has been agreed upon by the parties as follows: "Does the payment of interest on the principal indebtedness secured by a duly recorded mortgage, by the Executor of an estate, liable for the payment of the debt, during the statutory period for filing claims, waive the necessity of filing proof of claim as required by Chapter 11994, Acts 1927, General Laws of Florida, barring all debts and demands of whatsoever nature against an estate when not so presented?"

We think the question must be answered in the negative, and the decree appealed from affirmed, on the authority of our recent decision in the case of Smith, Liquidator, v. Fecheimer, 124 Fla. 757, 169 Sou. Rep. 395 (opinion filed June 30, 1936) wherein it was stated by BROWN, J., speaking for this Court:

"With the exception of the mortgage lien and right to foreclose same the Legislature did not see fit to exempt other debts and demands from the operation of the statute, and this Court is powerless to create such an exception."

The payment of interest to defer institution of foreclosure proceedings on a mortgage that might, under the statute, be enforced, absent any presentation as a claim against the estate of the deceased mortgagor, without more, is not sufficient to amount to a waiver of presentation as required by law such as would warrant a deficiency decree, as such payment is entirely consistent with the idea that the mortgage is to be recognized as an enforceable lien only, and no contrary intent should be inferred from the bare fact of interest payments made under circumstances per-

fectly consistent with the last mentioned hypothesis as to the motive thereof.

Decree affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN *and* BUFORD, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—The Court did not overlook its previous decisions to the effect that "the payment of interest upon a mortgage executed by a decedent may, in effect, dispense with or assume a presentation of the mortgage claim" to personal representatives within the statutory period. See Miller v. Crosby, 68 Fla. 365, 67 Sou. Rep. 76.

Where a waiver of the statute of non-claim is set up and relied on as basis for obtaining a deficiency decree upon a *mortgage* debt, the present status of the law is not such that, in every case, a waiver of the non-claim statute, must be implied from the bare fact of interest payments being made by the executor during the period fixed by Chapter 11994, Acts 1927, for filing claims, where the payment of the interest, and even an alleged request for an extension of time for other payments, have failed to impress the chancellor below as having been intended by the executor as a waiver of the statute of non-claim, by reason of which such chancellor has refused entry of a deficiency decree, the latter being in a measure discretionary with the chancellor, especially in cases of doubtful right to it under particular circumstances, such as are herein shown.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.