BYRON CLARK, JR., as Executor of the Last Will and Testament and Estate of Miller J. Huggins, Deceased, v. WILLIAM J. FULLERTON.

177 So. 851.
Division B.
Opinion Filed February 1, 1937.
On Rehearing January 5, 1938.

*Carey & Harrison,* for Appellant;
*Blanchard & Hoffman,* for Appellee.

Brown, J.—This is an appeal from a final decree and subsequent deficiency decree and from an order overruling a motion to vacate and set aside said deficiency decree, rendered in a mortgage foreclosure proceeding against the executor of the deceased mortgagor.

After the foreclosure sale had been reported to the court, an order confirming the foreclosure sale was entered, in which order a deficiency judgment was entered against the executor of the deceased mortgagor and against his estate for a considerable amount and an execution ordered issued thereon as at law, without any adjudication in the final decree that the executor or the estate was liable for the debt secured by the mortgage in such sort as would authorize a deficiency decree against the executor of the estate. The only definite adjudication was that the plaintiff had a superior lien on the property described in the mortgage, and was entitled to the relief prayed. Indeed there is no language in the final decree, nor in the deficiency judgment, from which it could be implied that it had been made to appear that proof of claim of the debt secured by the mortgage had been duly sworn to and presented to the County Judge of the county granting the letters testamentary on the estate as required by Section 2, Chapter 11994, of the Laws of 1927, being Section 5599-6500 C. G. L., of 1937, or that due presentation of said claim has been waived by such executor.

While a failure to present and file proof of claim as required by the statute does not affect the lien of a duly recorded mortgage of real property and the right to fore-

close the same, the statute does expressly provide that such failure shall bar the right of enforcement of personal liability against the estate of the decedent.

The deceased mortgagor died on September 25, 1929, and the plaintiff in error shortly thereafter qualified as executor under the will. Appellee filed his bill to foreclose in July, 1934. So the statute above referred to was applicable. That statute provides that "no claims or demands shall be valid or binding upon an estate, or the executor or the administrator thereof, unless the same shall be duly sworn to and presented to the County Judge of the county granting letters testamentary, or of administration on an estate, at his office in the Court House of said county" and that any claims or demands not so presented within twelve months from the time of the first publication of notice provided for in Section 5597 C. G. L., shall be barred; provided, however, that the lien of a duly recorded mortgage of real property and the right to foreclose the same shall not be affected by failure to so present the same, but in such a case the right to the enforcement of personal liability against the estate shall be barred, by reason of such failure to comply with the statute.

While the transcript before us is rather meagre and does not set forth the pleadings and evidence in the case, enough appears to convince us that the deficiency decree and order overruling the motion to vacate the same should be reversed and the cause remanded for reconsideration and readjudication by the Chancellor in the light of two recent decisions by this court, viz.: Smith v. Fechheimer, 124 Fla. 757, 169 So. 395, and Jefferson Standard Life Ins. Co. v. Lovera, not yet reported, both of which were handed down subsequent to the decrees rendered herein by the trial court.

The later statute, Section 120 of Chapter 16103 of the Acts of 1933, known as the Probate Act, is not involved here, as it was not in effect at the time of the death of the decedent or the qualification of his executor, but even if it had been in effect at that time, it would have been of little comfort to the appellee.

There was no authority for that part of the deficiency decree ordering that the plaintiff have execution thereof against the executor and the estate of the deceased mortgagor "or at law." In this connection Section 2216, Vol. 3, of Jones on Mortgages, 8th Ed., is interesting, and to some extent applicable here:

"Upon the decease of the mortgagor, though the administrator or executor be a party to the bill, no binding judgment can be entered against him for any deficiency remaining after application of the proceeds of sale. A claim for the deficiency must be presented under the proceedings for the administration of the estate. The suit can be prosecuted against the executor or administrator only for the purpose of reaching the property and subjecting it to sale, or for determining the amount of the deficiency. A judgment for deficiency may be essential as the basis of a subsequent proceeding to enforce payment from the estate. 'If the court can render a judgment and order execution against the property of the deceased in the hands of the administrator, the mortgagee first foreclosing would in effect get priority of payment out of the estate, not only as against general creditors, but as against all mortgagees later in foreclosing, though in the same class of creditors. If no judgment for a deficiency is taken, and no claim is made upon the estate of the deceased mortgagor, the demand is barred at the expiration of the time allowed for enforcing debts against the estate, and the administrator

cannot afterward obtain leave to sell land for the payment of such debt.' "

It appears by stipulation in the transcript that two cases are involved in this appeal. These cases are between the same parties and involve the same questions. One of these cases was Chancery Cause No. 16173, the case here under consideration, and the other is Chancery Cause No. 16172. The stipulation is that the judgment in the one case shall apply also to the other.

For the reasons above stated the deficiency decree and the order denying the motion to vacate the same, here under consideration, must be reversed and the cause remanded for further appropriate proceedings consistent with the foregoing opinion, as well as with the two recent opinions and decisions of this court hereinabove referred to.

Reversed and remanded.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

## ON REHEARING

BROWN, J.—The rehearing was granted in this case on grounds 4, 6 and 7 of the petition for rehearing.

The fourth ground alleged that this court failed to consider that the records show that notice was given to counsel for the personal representative of the decedent and that such attorneys were present at the time of arguing the motion for deficiency judgment and that no objection was made by said attorneys to the entering of deficiency decree.

The sixth ground of the petition alleged that the court failed to consider that where the trial court entered a judgment on pleadings and oral testimony, presented in the presence of opposing counsel, and where opposing counsel

made no effort to preserve a record of such testimony, the presumption that the trial court did its duty would apply and appellant cannot attack the entry of such judgment, which judgment pre-supposes the finding of all matters incident thereto.

The seventh ground alleges that the court inadvertently failed to consider that appellant acquiesced in the entry of the deficiency judgment for more than twenty days after it was enrolled and that application to the trial court to vacate said judgment was therefore properly denied.

Of course if counsel for appellant were present at the time of the hearing on the motion for deficiency judgment and when the deficiency decree was granted and made no objection thereto and acquiesced therein for more than twenty days after the entry and record of such deficiency decree, they would not be in a position to move to vacate the same upon any grounds other than fraud or mistake, or grounds of a jurisdictional nature going to the authority of the court to enter such decree. Mabson v. Christ, 96 Fla. 756, 119 So. 131; Sawyer v. Gustason, 96 Fla. 6, 118 So. 57; Kroier v. Kroier, 95 Fla. 865, 116 So. 753.

But the record brought to this court does not show that counsel for appellant were present when the deficiency judgment was granted, nor do the inferences from the record support this contention, whereas counsel for appellant, in their briefs and oral arguments, deny this contention.

As the cause was remanded to the lower court for further appropriate proceedings, consistent with this court's opinion, the chancellor may give due consideration to the questions of fact, as thus raised in the petition for rehearing, and their proper legal effect.

Furthermore, this court held in its original opinion that the deficiency judgment was entered against the executor of the deceased mortgagor and against his estate, and an execution ordered issued thereon *as at law,* without any adjudication in the final decree, or in the order granting the deficiency decree, that the executor or the estate was or were liable for the debt secured by the mortgage in such sort as would authorize a deficiency decree against the executor or the estate. It was further stated in the opinion that while the transcript before us is rather meager and does not set forth the pleadings and evidence in the case, enough appeared to convince the court that the deficiency decree and order overruling the motion to vacate same should be reversed and the cause remanded for reconsideration and readjudication by the Chancellor, in the light of two recent decisions by the court therein referred to, the latest being Jefferson Standard Life Insurance Co. v. Lovera, 125 Fla. 682, 171 So. 512. In that case it was said:

"The court did not overlook its previous decisions to the effect that 'the payment of interest upon a mortgage executed by a decedent may, in effect, dispense with or assume a presentation of the mortgage claim' to personal representatives within the statutory period. See Miller v. Crosby, 68 Fla. 365, 67 So. 76.

"Where a waiver of the statute of nonclaim is set up and relied on as basis for obtaining a deficiency decree upon a mortgage debt, the present status of the law is not such that in every case a waiver of the nonclaim statute must be implied from the bare fact of interest payments being made by the executor during the period fixed by Chapter 11994, Acts of 1927, for filing claims. where the payment of the interest, and even an alleged request for an exten-

sion of time for other payments, have failed to impress the chancellor below as having been intended by the executor as a waiver of the statute of nonclaim, by reason of which such chancellor has refused entry of a deficiency decree— the latter being in a measure discretionary with the chancellor, especially in cases of doubtful right to it under particular circumstances, such as are herein shown."

The decree confirming the sale and awarding a deficiency judgment nowhere recites that the parties were present in person or by their counsel, nor is there any language in the final decree, nor in the deficiency judgment, from which it could be implied that it had been made to appear that proof of claim of the debt secured by the mortgage had been made as required by Section 2 of Chapter 11994 of the Laws of 1927, or that due proof of presentation of said claim had been waived by such executor. Nor can it be said, after a careful examination of the record as presented to us, that any express allegation was made by appellee that interest had been paid on the mortgage by the executor, or that any proof of payment of interest was offered upon the hearing, even if this would have been sufficient to sustain the deficiency judgment, as complained by appellee. But, as we have held in the case above cited, waiver of the nonclaim statute need not necessarily be implied from the bare fact of interest payments being made by the executor during the period fixed by Chapter 11994, Acts of 1927, for filing claims, as the making of such payments is entirely consistent with the idea that the mortgage is to be recognized as an enforceable lien only and were not intended as a waiver of the nonclaim statute as to any deficiency that might remain after foreclosure of the mortgage lien.

On the whole, we are still of the opinion that the de-

**158**

ficiency decree and order overruling the motion to vacate same should be reversed and the cause remanded for reconsideration and readjudication by the chancellor, as provided in our original opinion. Neither in our original opinion, nor here, do we attempt to instruct the chancellor as to what kind of decree he shall render after such reconsideration and readjudication of the questions involved.

Original judgment of reversal and remandment adhered to and confirmed on rehearing.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.