MARSHALL LODGE No. 39, A. F. & A. M., a Virginia Corporation, v. GLADYS P. WOODSON and A. S. NOWLIN, as Executors of the Estate of Henry P. Woodson, Deceased.

190 So. 749

En Banc

Opinion Filed July 28, 1939

*McMullen, McMullen & Pogue* and *Ralph Richards,* for Plaintiff in Error;

*M. H. Jones,* for Defendants in Error.

BROWN, J.—The first question involved, as stated by plaintiff in error, is as follows:

"Under the law as it existed before the enactment of the 1933 Probate Act, could an executor, by paying interest on a debt within the time allowed for filing claim, and by otherwise recognizing the debt as a valid claim against the

estate, waive the filing of the debt as a claim against the estate?"

This writ of error is addressed to a final judgment on demurrer in favor of the executors of the estate of Henry P. Woodson, deceased, who were defendants in the court below. The court sustained a demurrer to the plaintiff's amended declaration, and the plaintiff declining to amend further, entered judgment for the defendants.

The amended declaration filed by the plaintiff in the court below, Marshall Lodge No. 39, A. F. & A. M., a Virginia corporation, alleged that T. G. Woodson and Henry P. Woodson, the latter being the deceased person whose estate is involved, executed and delivered to the plaintiff, on June 10, 1932, a certain promissory note in the sum of $6,955.25, payable to the plaintiff at the office of its secretary in Lynchburg, Virginia, said note being payable in annual installments, with interest at 6 per cent and providing that in case of default in the payment of any of said installments the entire balance should become due and payable; that at the time suit was filed, the entire amount of the principal and interest, less $834.60, which had been paid on interest, was due and unpaid. That Henry P. Woodson died on August 17, 1933, in Pinellas County, Florida, and that the defendants were appointed executors on August 28, 1933, and were duly qualified as such. That notice to creditors was published once a week for eight consecutive weeks, commencing August 28, 1933, as required by the statute. That shortly thereafter A. S. Nowlin, one of the executors, had a conference in Lynchburg, Virginia, with a committee of the plaintiff Lodge, which committee was handling the matter of collecting said promissory note; that during said conference said executor, in discussing the promissory note, stated to one of the members of the committee that everything

would be all right and that the note held by the Lodge would be paid, and shortly thereafter made a similar statement to the secretary of said Lodge. That at that time plaintiff was not advised of the laws of Florida with reference to the filing of claims against a decedent estate; that said executor had been known to the members of the Lodge for a long time as trustworthy and honorable, and that said Lodge, relying upon the assurance given to them by said executor Nowlin took no steps to file its claim as required by the statutes of Florida then in effect. That shortly thereafter on December 9, 1933, one of the executors, in pursuance of such agreement, executed and delivered a check in the sum of $208.65 in payment of the interest on said promissory note, which check was drawn on the funds of the estate in a Clearwater bank and was signed by Mrs. Gladys Woodson as executrix. That on June 6, 1934, a similar check was delivered and paid to the plaintiff in the same amount, representing the interest on said note, said interest being paid in accordance with the understanding had between said co-executor and the plaintiff. That Nowlin, one of the executors, on May 31, 1934, acknowledged in writing to the plaintiff that said promissory note was a legal obligation of the estate and that payments on the principal thereof would be made as funds were received by the executors, and requested a discount of the principal and interest on the note for a full cash settlement. That the will of Henry P. Woodson, deceased, in its first paragraph, provided that:

"I will and direct that as soon as possible after my death my executrix and executor, herein after named, shall pay all my just debts and funeral expenses."

It is further alleged that the annual reports filed by the executors with the county judge showed disbursements up to June 6, 1934, $18,632.08 and on June 1, 1935, disburse-

ments in the sum of $16,033.87 and on June 1, 1936, disbursements in the sum of $15,296.98; that included in the disbursements above set forth are debts owed by the deceased during his life time, but in spite of the large amount of such disbursements, no creditor had filed with the county judge, as required by law, any claim against the above mentioned estate, within the time allowed by law for filing such claim; that therefore the said executors were acting under the provisions contained in the will in paying claims against the estate. That on July 5, 1934, executor Nowlin advised the county judge that the estate was indebted in the sum of $11,000.00, and plaintiff avers that the above mentioned promissory note was included in the $11,000.00 indebtedness which the said Nowlin admitted by his written statement to the county judge; that before his death said Henry P. Woodson had acknowledged the justness of the debt represented by the promissory note, and plaintiff avers that by the quoted provision in his will the said Henry P. Woodson intended and commanded that his said executors pay the promissory note above described.

The declaration further alleges that although plaintiff did not file its claim as required by law with the County Judge of Pinellas County, Florida, the defendants, by their course of conduct above set forth, had admitted the debt and are estopped to set forth as a defense to this action the statute of nonclaim, and that they are also estopped from doing so by the quoted provision of the will of Henry P. Woodson, deceased. That said executors had failed and neglected to pay their promissory note or any part thereof, except interest payments above referred to, and that it had become necessary for the plaintiff to bring suit on said note. A copy of the note was attached to the declaration.

The defendants filed a demurrer, one of the grounds of

which was that the declaration affirmatively shows that the claim sued upon is not a valid and binding claim against the estate of Henry P. Woodson, deceased, and another ground is that the declaration shows on its face that the claim sued upon has been barred by the statute of nonclaim. Also that the declaration fails to allege facts sufficient to avoid the effect of the statute of nonclaim, and that in attemping to set forth a valid claim against these defendants, notwithstanding its failure to file its claim as required by law, the allegations of the declaration consist of conclusions of the pleader and fail to allege issuable facts capable of trial by jury. Also upon the ground that the amended declaration fails to allege any attempt on the part of the plaintiff at any time to file its claim as required by law.

We do not think that the provision of the will directing the executors to pay all of the just debts of the testator had any effect upon the operation of the statute of nonclaim. But disregarding this allegation of the declaration, as well as any allegations of mere conclusions of the pleader, the declaration in our opinion sufficiently alleges that one of the executors had made two interest payments on the note in question within the time allowed by law for filing proof of claim in the county judge's office, and also that the other executor had during the time recognized said promissory note as constituting a valid debt against the estate.

The question is, do these facts give validity to the claim of the plaintiff in the court below, evidenced by the promissory note, as a claim against the estate, in view of the provisions of the statute which was then in full force and effect?

The statute referred to, as set out in Compiled General Laws of 1927, reads as follows:

"5599, 5600. Claims Against Estate To Be Sworn to;

Limitations.—No claims or demands shall be valid or binding upon an estate, or the executor or administrator thereof unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate at his office in the court house of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 5597, shall be barred by limitation: Provided, however, that the lien of a duly recorded mortgage of real property and the right to foreclose same shall not be impaired or affected by failure to present same as hereinabove provided but that the limitation imposed by this law shall merely bar the right of enforcement of personal liability against the estate of the decedent." (Ch. 10119, Acts 1925, Sec. 2; Ch. 11994, Acts 1927, Sec. 2.)

The plaintiff in error in oral argument and brief has cited a number of cases but relies upon the case of Ramseyer v. Datson, 120 Fla. 414, 162 So. 904, and the cases therein cited; also upon Jefferson Standard L. I. Co. v. Lovera, 125 Fla. 682, 171 So. 512, and Clark v. Fullerton, 130 Fla. 150, 177 So. 851. Defendant in error contends that several statements in the opinion in the Datson case were *obiter dictum, and* furthermore that the facts in that case were different in some essential respects from the facts in the case at bar. To some extent this argument is well founded, but after making due allowances for that, we concede that if the broad principles enunciated by this Court, in that case, are adhered to and applied in this case, the court below was in error in sustaining the demurrer to plaintiff's declaration, and the judgment should be reversed.

On the other hand if the principles laid down in Douglas v. McRainey, 102 Fla. 1141, 137 So. 157; Brooks v. Federal

Land Bank of Columbia, 106 Fla. 412, 143 So. 749, and Smith v. Fechheimer, 124 Fla. 757, 169 So. 395, are adhered to and applied to the facts in this case, then, as we see it, the learned circuit judge was correct in his ruling and the judgment below should be affirmed.

It is true that the facts in none of these cases are exactly the same as the facts in this case as presented by the allegations of the declaration, but we cannot disregard the principles laid down in those cases.

In the case of Ramseyer v. Datson, *supra,* this Court said:

"It has long been the declared law of this State that the actual presentation of a claim for payment to the personal representative of a deceased debtor, when not denied or contested by such representative as being a good and valid presentation of such claim against the estate, stops the operation of the general statute of limitations as well as the statute of nonclaim, at least so long as the personal representative remains undischarged as such, and is still engaged in the process of liquidating the estate because it has never been finally wound up. Barnes v. Scott, 29 Fla. 285, 11 Sou. Rep. 48. So where it appears that a claim has been actually made out and presented to the personal representative of a decedent's estate, and that it was at the time thereof affirmatively accepted as a validly presented claim *by the executor himself,* the requirement of filing the same with the county judge can be completed in due form at a later date, either by the executor's report of it to the probate court or by the claimant himself subsequently filing it with the approval of the county judge given after notice to the executor and a due determination by such judge that the claim has been within due season therefor duly presented to the executor and the form of presentation acquiesced in by him.

"The provisions of Sections 5597, 5600 C. G. L. (Chapter 10119, Acts of 1925; Chapter 11994, Acts of 1927) imposing the requirement that all claims or demands, to be valid or binding upon an estate, or the executor or administrator thereof, must be duly sworn to and presented to the County Judge, have not abrogated the foregoing rule established by this Court long prior to the adoption of the terms of the new statute presenting a particular method of presentation of claims against estates generally. State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 Sou. Rep. 876.

"Where a claim is denied, or not accepted or admitted as validly presented, when presented directly to the personal representative of an estate instead of being sworn to and filed with the county judge as required by Section 5597-5600, C. G. L., *supra,* the effect of the last mentioned statute is undoubtedly to make it obligatory that the denied or disputed claim be thereupon sworn to and filed with the county judge in order to become valid or binding on the affected estate, or upon the executor or administrator thereof as a predicate for the enforcement of the same by legal proceedings taken in due course thereafter.

"But this Court is committed to an established doctrine that despite the apparent inflexibility of the statute requiring presentation and filing with the county judge as a basis for validity of claims against estates and the executors or administrators thereof, that there are circumstances under which the affirmative act of an executor or administrator will operate as a legal waiver of the statutory bar of non-presentation to the county judge. Tucker v. First National Bank of Lakeland, 98 Fla. 914, 124 Sou. Rep. 464; State Bank of Orlando & Tr. Co. v. Macy, 101 Fla. 140, 133 Sou. Rep. 876; First Trust & Sav. Bank v. Henderson, 101 Fla.

1437, 136 Sou. Rep. 370; Doublas, Inc., v. McRainey, 102 Fla. 1141, 137 Sou. Rep. 157.

"In Fillyau v. Laverty, 3 Fla. 72 (text 106), it was held that there should be an actual presentation within the time prescribed, or something done *equivalent to it,* but that the presentation need not be in any particular form since the object of the statutory requirement of presentation of claims against decedent's estate is to give the personal representative official notice of an, intent of the claimant to stand on the enforcement of his demand.

"So the true meaning and intent of our present statutes on the subject of presentation of claims against executors and administrators of estates (Sections 5597-5600 C. G. L.) as a basis of liability of the affected estate therefor, was not to exalt a mere statutory matter of form into a matter of substance, to the prejudice of *bona fide* creditors holding admitted or acknowledged claims against a decedent's estate, but was to establish a lawful method for the formal filing of claims against executors and administrators that, when pursued, would be sufficient in and of itself to bind, as a matter of law, an executor or an administrator, whether he had previously had the claim presented to him or had admitted or acknowledged it as a valid one, or, not.

"The procedure followed by the county judge in entertaining Ramseyer's petition to make a formal record in the county judge's office of a claim that had already been duly presented to the executors of the Datson estate within the statutory period of one year allowed for presenting claims, although not sworn to and filed in the office of the county judge within said period of one year after the first publication of the notice provided for by Section 5597 C. G. L., *supra,* and his allowance of the prayer of such petition after the executors had been duly ruled to show cause against

the granting of the prayer of such petition, and in response to the rule had in effect admitted the verity of the petitioner's allegations, was correct. The chancellor below should not have disregarded it as without legal foundation, there being no contention against the validity of the county judge's order except the one predicated upon the idea that the statutory method of presentation laid down by Section 5600 C. G. L., *supra,* was inflexibly and mandatorily exclusive of an actual presentation of the claim in question to the executors of the Datson estate."

On the other hand, in the case of Smith v. Fechheimer, *supra,* a later case in which case, however, no payments had been made upon the claim sued on, a different construction was placed upon this statute and the effect thereof, following the principles laid down in Douglas v. McRainey, *supra,* and Brooks v. Federal Land Bank, *supra,* both of which cases were reviewed in Smith v. Fechheimer. In that case this Court said:

"We are not concerned here with Section 39 of the old statute of 1828, which is Section 3739 of the Revised General Statutes of 1920, and which only required that debts and demands should be presented to the executor of administrator within two years after the first publication of notice, without saying how the presentation should be made. Under that statute it was held that the bringing of suit was the equivalent of presentation to the executor or administrator. Fillyau v. Laverty, 3 Fla. 72; Ellison v. Allen, 8 Fla. 206; Anderson v. Agnew, 20 So. 766, 38 Fla. 30. Nor are we here concerned with Sections 119 and 120 of the Probate Act of 1933 (Ch. 16103, Acts of 1933) dealing with this same subject, and making some changes in and additions to the statute of 1927, Chapter 11994, which latter statute governs this case..

"In Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. at page 752, Mr. Justice ELLIS, speaking for this Court, said: 'The principle is that the limitation of time within which claims may be presented for allowance in the probate court is inseparable from the peculiar procedure prescribed in each jurisdiction. It is part of the procedure and not like a general statute of limitations, and can be applied only to persons who are bound by such special mode of procedure. But when the statute of nonclaim makes no exceptions as to any persons or class of persons, the courts can make none. 24 C. J. 335.

"Further, on page 753, Mr. Justice ELLIS said: 'A statute of nonclaim while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of court, the orderly, expeditious and exact settlement of the estate of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from the provisions of the statute exist, the court is powerless to create one. If such were not the case, the settlement of an estate might be deferred indefinitely, and the heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent kept out of their enjoyment of their possessions and deprived of the benefits secured to them by the laws of the State for such unreasonable time as to practically deprive them of their property.'

"With the exception of the mortgage lien and right. to foreclose same the Legislature did not see fit to exempt other debts and demands from the operation of the statute,, and this Court is powerless to create such an exemption.

"Section 5599-5600 C. G. L. 1927, states unequivocally that: 'No claims or demands shall be valid or binding upon an estate or the executor or administrator thereof, unless

the same shall be duly·sworn to and presented to the county judge * * *.'

"Furthermore, Section 5611 as amended states that: 'All debts and demands of *whatsoever nature* * * * which shall not be presented to the county judge * * * within twelve months after the first publication of the notice * * * *shall forever be barred* * * *."

"The clear meaning of the above section is to make the statutory requirements mandatorily essential, with the single exception as to mortgage liens mentioned in the statute.

"A statute giving a remedy for the collection of claims against the estate of deceased·persons and fixing a time for their presentation to the court furnishes the exclusive remedy for the collection of· such claims. See Fields v. Mundy, 106 Wis. 383, 82 N. W. 343, 80 A. S. R. 39.

· "In Schilling v. Biggs, 108 Fla. 351, 146 So. 559, it was held that 'Claims against an estate must be timely presented; representative's knowledge of the existence of claims not constituting waiver of presentation.'

"In the above case Mr. Justice DAVIS, speaking for the Court, recognized the holding in the previous case of Douglas, Inc., v. McRainey, *supra,* as controlling on the question there involved, and said: 'In Douglas, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157, this Court definitely held that Chapter 11994, Laws of Florida, 1927, is specific; that no claims or demands shall be binding on an estate or against the executor or administrator thereof, unless *duly sworn to* and presented to the county judge of the county granting letters testmentary or of administration of an estate, at his office in the court house of said county, and that the statute being clear and simple in its import, would not be construed as not applying to a case where though the claim sued on was not presented within the time, and according

to the manner required by it, yet suit was brought on it within the statutory period allowed for presenting claims.' "

"It was held in the case quoted from that the McRainey case did not apply to a suit pending against the deceased when he died. * * *"

"As was said in Douglas v. McRainey, *supra,* the opinion in which was unanimously concurred in by all the members of this Court:

" 'The statute is quite clear and simple and no reason is made to appear for resorting to rules of statutory interpretation of construction in order to ascertain the import thereof.

" 'The intention and meaning of the Legislature must primarily be determined from the language of the statute itself and not from *conjestires aliunde.* When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction: the statute must be given its plain and obvious meaning.' 25 R. C. L. 961-2.

"It follows that where a claim against an estate has not been sworn to and filed with the county judge within one year from the first publication of notice, the fact that an action at law was brought in the circuit court on such claim before the expiration of such time does not of itself prevent the statute of non-claim from being a bar to recovery.

"The statute is not only for the information, assistance and security of the legal representatives but for the benefit of the heirs, and distributees, and in some cases, of creditors as well. The prompt, definite and final settlement of estates is usually best for all concerned. By means of the statute the executor or administrator is enabled to ascertain within a reasonable time what debts or demands are due by the estate so that he can discover whether the estate is solvent

or not; while it enables the distributees or legatees to demand distribution of the estate when it is not necessary for the administrator or executor to retain it longer for the purpose of paying debts."

The reasoning in the case just quoted from was evidently followed by the trial judge when he sustained the demurrer to the declaration in this case. Considered alone, the principles of statutory construction enunciated in the Smith v. Fechheimer case would require us to affirm the action of the trial court.

But the question arises: Has this Court departed from the construction of the 1927 statute (Chapter 11994, Sec. 5599-5600 C. G. L.) as made in Smith v. Fechheimer, *supra*, and returned to the old rule which was asserted in many of our older cases and reasserted in Ramseyer v. Datson, by reason of the holding in the later case of Jefferson Standard Life Ins. Co. v. Loveran, 125 Fla. 662, 171 So. 512, which latter case was followed and quoted with approval in Clark v. Fullerton, 130 Fla. 150, 177 So. 851?

The general question presented in the Lovera case was whether the payment by the executor of interest on the principal of the mortgage debt secured by a duly recorded mortgage, during the statutory period for filing claims, waived the necessity of filing proof of claim as required by Chapter 11994, Acts of 1927. In the opinion, Mr. Justice DAVIS, speaking for the Court, said:

"We think the question must be answered in the negative, and the decree appealed from affirmed, on the authority of our recent decision in the case of Smith, Liquidator, v. Fechheimer, 124 Fla. 757, 169 Sou. Rep. 395 (opinion filed June 30, 1936), wherein it was stated by BROWN, J., speaking for this Court:

"'With the exception of the mortgage lien and right to

foreclose same the Legislature did not see fit to exempt other debts and demands from the operation of the statute, and this Court is powerless to create such an exception.' "

"The payment of interest to defer institution of foreclosure proceedings on a mortgage that might, under the statute, be enforced, absent any presentation as a claim against the estate of the deceased mortgagor, without more, is not sufficient to amount to a waiver of presentation as required by law such as would warrant a deficiency decree, .as such payment is entirely consistent with the idea that the mortgage is to be recognized as an enforceable lien only, and no contrary intent should be inferred from the bare fact of interest payments made under circumstances perfectly consistent with the last mentioned hypothesis as to the motive thereof.

"Decree affirmed."

On petition for rehearing in that case the Court said: "The Court did not overlook its previous decisions to the effect that 'the payment of interest upon a mortgage executed by a decedent may, in effect, dispense with or assume a presentation of the mortgage claim' to personal representatives within the statutory period. See Miller v. Crosby, 69 Fla. 365, 67 Sou. Rep. 76.

"Where a waiver of the statute of nonclaim is set up and relied on as basis for obtaining a deficiency decree upon a *mortgage* debt, the present status of the law is not such that, in every case, a waiver of the nonclaim statute, must be implied from the bare fact of interest payments being made by the executor during the period fixed by Chapter 11994, Acts of 1927, for filing claims where the payment of interest, and even an alleged request for an extension of time for other payments, have failed to impress the chancellor below as having been intended by the executor as a

waiver of the statute of nonclaim, by reason of which such chancellor has refused entry of a deficiency decree, the latter being in a measure discretionary with the chancellor, especially in case of doubtful right to it under particular circumstances, such as are herein shown.

"Rehearing denied."

It will be observed that the substance of the holding in the above case was that the payment of interest on the mortgage debt was entirely consistent with the idea that the mortgage was to be recognized only as an enforceable *lien,* and that the payment of interest was made to defer the institution of foreclosure proceedings to enforce the lien of the mortgage, and that the chancellor below had evidently reached that conclusion, and for that reason had denied the entry of a deficiency decree, and hence the chancellor was affirmed. But the Court, in the first paragraph of the opinion on petition for rehearing, strongly intimated, if indeed it did not actually hold, that the Court did not intend to depart from or overrule the case of Miller v. Crosby, referred to in the opinion, and other previous decisions, to the effect that the payment of interest by the executor upon a mortgage executed by the decedent, may, in legal effect, dispense with or assume or be the equivalent of, a presentation of the mortgage *claim,* both as to the debt and the lien, to the personal representative within the statutory period. The intimation is very strong in the Lovera case, that if the evidence in the court below had clearly shown that the payment of interest on the principal of the mortgage debt had been made by the executor in recognition of the validity of the mortgage *debt* as a whole, as a valid claim against the estate, and was not made for the purpose of deferring institution of foreclosure proceedings to enforce *the lien* of the mortgage on the property described

therein, such payment of interest might have "dispensed with a presentation of the mortgage claim within the statutory period," with the result that any deficiency which the court might have decreed, after applying the proceeds of the foreclosure sale of the property to the debt, would have been upheld, in spite of the fact that no claim had been filed in the county judge's court within the period and in the form required by the Act of 1927.

As above stated the Lovera case was followed and quoted from with approval in the subsequent case of Clark v. Fullerton, *supra*.

Such being the status of our decisions at the time the court below sustained the demurrer to the plaintiff's amended declaration, and upon which the parties to the action had the right to rely, we are inclined to think that under the facts alleged in said amended declaration, the court below was in error, and that instead of sustaining, it should have overruled the demurrer. The writer has been reluctant to reach this conclusion because he entertains the view that the statute in question was correctly construed in the opinion written by the writer in the case of Smith v. Fechheimer, *supra*.

For the reasons above pointed out, the judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

TERRELL, C. J., and CHAPMAN and THOMAS, J. J., concur.

WHITFIELD and BUFORD, J. J., dissent.