PER CURIAM.
Appellant, Hope Bush, as the personal representative of the estate of her sister (“the decedent”), seeks review of the trial court’s order directing her to pay the decedent’s funeral expenses. Appellant argues that the trial court erred in ordering her to pay the expenses because appellees’ funeral expense claims were filed more than two years after the decedent’s death and were, thus, untimely pursuant to section 733.710(1), Florida Statutes. Because we agree, we reverse the trial court’s order.
The decedent died on February 16, 2002. In her will, she bequeathed all her property to appellant and directed that her “just debts, funeral and administration expenses be paid as soon after [her] death as may be practical.... ” More than two years after the decedent’s death, appellees, the decedent’s children, filed claims against the estate for the payment of her funeral expenses.[1] Appellant objected on the basis of section 733.710(1). The trial court ordered appellant to pay the expenses, which totaled $3,521.40. This appeal followed.
Section 733.710 Florida Statutes (2001), entitled “Limitations on claims against estates,” provides:
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent’s estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
*216 (2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person’s death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
(3) This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.
(Emphasis added). A “claim” is defined in part as a “liability of the decedent, whether arising in contract, tort, or otherwise, and funeral expense.” § 731.201(4), Fla. Stat. (2001) (emphasis added).
The supreme court has held that section 733.710 is a “jurisdictional statute of non-claim that automatically bars untimely claims and is not subject to waiver or extension in the probate proceedings.” May v. Ill. Nat’l Ins. Co., 771 So.2d 1143, 1157 (Fla.2000). The supreme court explained that section 733.710 “ ‘obviously represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent’s estate in Florida should be exposed by claims on the decedent’s assets.’ ” Id. (citation omitted).
It is undisputed in this case that appel-lees filed their claims against the decedent’s estate more than two years after her death. Pursuant to section 733.710(1), the claims were barred. Contrary to ap-pellees’ argument, the decedent’s directive that her estate pay her funeral expenses did not excuse their statutory obligation to file their claims against the estate within two years of the decedent’s death. See Marshall Lodge No. 39, A.F. & A.M. v. Woodson, 139 Fla. 579, 190 So. 749, 751 (1939) (“We do not think that the provision of the will directing the executors to pay all of the just debts of the testator had any effect upon the operation of the statute of non-claim.”). Were that not the case, each of the decedent’s creditors could have simply relied on the will and filed claims against the estate long after her death, thereby forever subjecting the estate to uncertainty. Such a situation would conflict with the purpose behind section 733.710(1).
Accordingly, we REVERSE the trial court’s order.
KAHN, BENTON, and LEWIS, JJ., concur.

. Appellees Jerry Halsell, Elizabeth Ricketts, and Rodney Halsell are the decedent's children. Appellee Billy Webb is not.