QUINCE, Judge.
Florida’s Department of Environmental Protection (the Department) challenges the trial court’s order dismissing appellee James J. Ryan (Ryan) from an administrative enforcement action. We reverse the dismissal of Ryan because corporate officers are included under the plain language of Florida’s Air and Water Pollution Control Act (the Act) which imposes liability on “any person” who violates the provisions of the Act, and because the Department’s complaint alleges facts which, if proven, would make Ryan personally liable for his acts and omissions committed in violation of the Act.
The underlying action involves a wastewa-ter treatment facility owned and operated by Harbor Utilities, Inc. (Harbor), eodefendant below. Ryan is direetor/president of Harbor and manages the facility which has allegedly operated out of compliance with Department standards since 1991. Harbor’s recurring violations led the Department to issue a consent order designed to bring the facility into compliance by July 1,1993. Ryan signed the order and agreed to its conditions on Harbor’s behalf. One condition of the order required Harbor to compile monthly operating reports in order to monitor the facility’s performance. These reports were submitted for the Department’s review.
The Department filed its complaint seeking civil enforcement after inspecting the facility on August 30, 1993, and finding that Harbor had failed to satisfy several conditions of the consent order. The Department’s second amended complaint and petition for enforcement named Ryan individually. Ryan moved to dismiss the complaint alleging that it failed to state a cause of action against him individually because, (a) he was not the permittee, owner, or operator of the facility, and (b) he was not personally a party to the consent order to be enforced. The trial court dismissed Ryan from the action after finding that the complaint failed to make sufficient factual allegations to hold Ryan personally liable for the facility’s violations.[1]
On appeal, the Department argues the trial court erred by dismissing Ryan because the Act imposes personal liability upon all persons, including facility officers and di *303 rectors, who act in violation of its provisions. Section 403.081(5), Florida Statutes (1993), defines “person[s]” subject to the Act and provides:
“Person” means the state ... the United States or any ... public or private corporation, individual, partnership, association, or other entity and includes any officer or governing or managing body of the state, the United States, any agency, any municipality, political subdivision, or public or private corporation.
(Emphasis added). Section 403.161, Florida Statutes (1993), enumerates proscribed conduct and practices which could expose “any person” to personal liability under the Act. See also § 403.141, Fla. Stat. (1993).
These provisions expressly identify facility managers and corporate officers as “persons” subject to the Act’s enforcement provisions. The language in both sections is plain and unambiguous making it unnecessary to resort to rules of construction. A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (Fla.1931). Contrary to the trial court’s order and Novota, 588 So.2d at 1053, cited therein, we find no language in the statute to limit civil liability to permittees and facility owners only.
We nóte that chapter 89-324, section 8, Laws of Florida (1989), which amended' section 403.161, was specifically enacted to provide a statutory cause of action against corporate officers and directors, individually, for their violations of state environmental law. Prior to the 1989 amendment, section 403.161 contained a general prohibition without use of the phrase “any person.” See § 403.161. Fla. Stat. (Supp.1988). Section 403.161 was amended in response to inconsistent interpretations by Florida courts, most of which held that corporate officers and directors are not proper parties to the Department’s civil enforcement actions. See Staff Fla. H.R. Comm, on Envtl. Reg., HB 685 (1989)(Oct. 1, 1989)(on file with committee). These decisions made successful prosecution for the most flagrant violations impossible. We hold that corporate officers, directors and managers may be subject to personal liability under Florida’s Air and Water Pollution Control Act.
Having found that the Act provides for the personal liability of corporate officers and directors, we now consider whether the Department’s complaint makes sufficient factual allegations to state a cause of action against Ryan individually. The Department’s second amended complaint alleges that, in his capacity as offieer/director of Harbor and individually, Ryan .repeatedly represented that he held managerial authority to take “whatever action necessary” to bring the facility into compliance, yet failed to do so. Paragraphs 204-206, 215 and 221-223 allege that Ryan knowingly allowed inaccurate data to be submitted on the facility’s monthly operating reports and knowingly- submitted falsified data on Harbor’s application to construct a domestic wastewater facility. Moreover, paragraphs 205 and 222 allege that these fraudulent acts and omissions exceeded the scope of Ryan’s duties as an officer/director of Harbor.
We find that the complaint sufficiently alleges conduct by Ryan which, if proven, would make him personally liable under sections 403.141 and 403.161, Florida Statutes (1993).[2] We, therefore, reverse and remand for further proceedings.
PARKER, A.C.J., and LAZZARA, J., concur.

. The trial court's order on Ryan's motion to dismiss cites Novota v. State, Department of Environmental Regulation, 588 So.2d 1053 (Fla. 1st DCA 1991), as controlling authority for the proposition that the Department may not proceed individually and personally against any party who is neither a permittee, permit applicant nor owner of a facility.

. Section 403.161 (l)(c) provides:
(1) It shall be a violation of this chapter, and it shall be prohibited for any person:
⅜ ⅜ ⅝ ⅜ ⅜ ⅜:
(c) To knowingly make any false statement, representation, or certification in any application, record, report, plan, or other document filed or required to be maintained under this chapter, or to falsify, tamper with, or knowingly render inaccurate any monitoring device or method required to be maintained under this chapter or by any permit, rule, regulation, or order issued under this chapter.