798 So.2d 841 (2001)
Shirley Schleman RICHEY, Appellant,
v.
Thelma Jean HURST & Carson B. Bomar, etc., Appellees.
No. 5D00-2960.
District Court of Appeal of Florida, Fifth District.
November 2, 2001.
Randall N. Thornton, Lake Panasoffkee, for Appellant.
Thomas J. Ellwanger of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellees.
THOMPSON, C.J.
Shirley Schleman Richey appeals the trial court's summary judgment entered on September 1, 2000. Florida Probate Rule 5.100[1] provides that "[a]ll orders and judgments of the court that finally determine a right or obligation of an interested person may be appealed as provided by Florida Rule of Appellate Procedure 9.110(a)(2)." For this reason, this court has jurisdiction. See Fla. R.App. P. 9.110(a)(2); § 731.201(21), Fla. Stat. (2000).
Mae Campbell Hamor Cox (Mrs. Cox) passed away on August 4, 1999, in Citrus County, where she lived. She had no children *842 but was survived by her husband, James Joseph Cox (Mr. Cox), who had waived homestead rights under a premarital agreement. Mrs. Cox devised her property to the trustees of the Mae Campbell Hamor Trust Agreement, originally created on June 14, 1991. The fifth amendment to the Trust Agreement established the Mae Campbell Hamor Trust and the "Marital (QTIP)[2] Trust" for the benefit of Mrs. Cox's husband, Joseph James Cox.[3] Paragraph 6.3 of the Trust Agreement specifically described the Marital Trust:

6.3 Creation of Marital (QTIP) Trust for Joseph James Cox. The bequests set forth in this Paragraph 6.3 shall be construed as specific bequests under a will, for purposes of construction of this Trust Agreement. Should the Grantor's husband, Joseph James Cox, survive the Grantor, then the Grantor directs the Trustee to set aside as a separate trust, to be called the Marital Trust, and to be administered under the terms of Article VII ("Administration and Distribution of the Marital Trust") set forth below, the following:
(a) the Grantor's home at 4369 Blue Water Point, Homosassa Springs, Florida, together with the real property upon which it stands and the real property contiguous thereto, together with the appurtenances thereto including but not limited to fixtures, together with all major appliances located therein, and together with the furniture located therein (to the extent not listed on the Separate Writing referred to in Paragraph 6.2 above) and together with such sum (if any) necessary to reduce to zero any outstanding liens, assessments, taxes or other debts which may encumber said property; and
(b) the sum of One Hundred Thousand Dollars (100,000.00).
Article 7, Paragraph 7.6(a) of the Trust Agreement provides that Mr. Cox had the power to designate the administration and distribution of whatever was left in the Marital Trust. However, any of the assets comprising the Marital Trust not effectively appointed by Mr. Cox were to be divided into four equal shares among Shirley M. Schleman (the appellant), Lavonne Edwards, Thelma Jean Hurst, and Ollie Jo Stephens. These four women were nieces of Mrs. Cox.
The Trust Agreement provided at Paragraph 6.6 that the balance of the Hamor Trust assetsthe trust residuewas to be left in equal shares to Lavonne Edwards, Thelma Jean Hurst, and Ollie Jo Stephens, provided they survived Mrs. Cox. Schleman Richey was not included as a recipient of the Hamor Trust residue, despite having been included as a person entitled to a ¼ share of the Marital Trust if Mr. Cox failed to exercise his power of appointment over the remaining assets in the Marital Trust.
After the death of Mrs. Cox, all of the beneficiaries of the estate except the appellant entered into a settlement agreement, which was approved by the trial court. Pursuant to that settlement agreement, Mr. Cox disclaimed his interest in the Marital Trust. The Trust Agreement does not explain how a potential disclaimer *843 by Mr. Cox should have been treated as to the assets then remaining in the Marital Trust.
Appellees Thelma Jean Hurst and her co-personal representative of Mrs. Cox's estate, Carson Bomar, filed a Petition for Determination of Beneficiaries of Trust Agreement, declaring that the probate was now adversarial and contending that as a result of Mr. Cox's disclaimer, he was deemed under Florida law to have pre-deceased Mrs. Cox. Thus, Edwards, Hurst, and Stephens should take the property originally earmarked for the Marital Trust as the beneficiaries of the residue of the Hamor Trust. The trial court granted that motion orally and later in writing. From that order Schleman Richey takes her timely appeal.[4]
Schleman Richey contends on appeal that Mr. Cox had only a life estate interest in the property held by the Marital Trust and thus all he could disclaim was that life estate. She suggests that the interest that was designed to pass via the Marital Trust could not be disclaimed by Mr. Cox; instead, his disclaimer simply acted to accelerate the remainder interest of the four individuals in the Marital Trust property. In response to Schleman Richey's argument, the appellees argue that the plain language of the disclaimer statute states that the party disclaiming should be treated as having predeceased the grantor. Since the Marital Trust was to come into existence only if Mr. Cox survived Mrs. Cox, the Marital Trust never came into existence and the trial court's recognition of that was correct. We agree.
Section 689.21(3)(a), Florida Statutes, is the law at issue on appeal:
(3) Disposition of disclaimed interests.
(a) Unless the grantor, or a donee of a power of appointment, has otherwise provided by a non-testamentary instrument with reference to the possibility of a disclaimer by the beneficiary, the interest disclaimed shall descend, be distributed, or otherwise be disposed of in the same manner as if the disclaimant had died immediately preceding the death or other event which causes her or him to become finally ascertained as a beneficiary and her or his interest to become indefeasibly fixed both in quality and quantity, and, in any case, the disclaimer shall relate for all purposes to such date, whether filed before or after such death or other event. An interest in property disclaimed shall never vest in the disclaimant.
The statute states that "for all purposes," the beneficiary should be treated as having predeceased the grantor of the trust.
The Trust Agreement states: "Should the Grantor's husband, Joseph James Cox, survive the Grantor, then the Grantor directs the Trustee to set aside as a separate trust, to be called the Marital Trust, and to be administered under the terms of Article VII...." In the eyes of the law, Mr. Cox did not survive Mrs. Cox. The unambiguous language of the statute mandated that the trial court treat Mr. Cox's disclaimer as it did. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)("when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning")(quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, *844 137 So. 157, 159 (1931)).[5]
As a result of Mr. Cox's disclaimer and the statute, Mr. Cox is deemed to have predeceased Mrs. Cox. Therefore, under the terms of the Trust Agreement, the Marital Trust never came into existence. As such, instead of the assets earmarked for the Marital Trust passing to Schleman Richey, Edwards, Hurst and Stephens pursuant to the Marital Trust's terms, the assets passed into the residue of the Hamor trust and are passed according to its terms to Edwards, Hurst and Stephens.
AFFIRMED.
SHARP, W. and ORFINGER, R. B., JJ., concur.
NOTES
[1] This probate rule has been revised this year, but the order appealed from was issued in 2000.
[2] The rights created in the Marital (QTIP) Trust were designed to have the trust qualify for a federal estate tax marital deduction as "qualified terminable interest property," which explains the term "QTIP." See 26 U.S.C. § 2056.
[3] The Mae Campbell Hamor Trust will be called "the Hamor Trust" and the Marital QTIP Trust will be called the "Marital Trust."
[4] "[T]he standard of review for a pure question of law is de novo." Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000).
[5] Schleman Richey asks this court to overlook this "legal fiction" because, she contends, Mr. Cox's interest in the trust property was only a life estate. Beyond stating that Mr. Cox had the lifetime authority to hold the property in the Marital Trust, he also had the authority to "administer and distribute" the property contained within the Marital Trust. Thus, he had more than a life estate in the Marital Trust. For this reason, Weinstein v. Mackey, 408 So.2d 849 (Fla. 3d DCA 1982), is distinguishable.