988 So.2d 114 (2008)
CITY OF OCALA, etc., Petitioner,
v.
Elaine GREEN, Respondent.
No. 5D07-4390.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
Eric P. Gifford, of Gilligan, King, Gooding & Gifford, P.A., Ocala, for Petitioner.
James L. Moody of James L. Moody, P.A., Ocala, for Respondent.
ORFINGER, J.
The City of Ocala seeks second-tier certiorari review of an order of the circuit court, rendered in its appellate capacity, quashing an order of the Marion County Code Enforcement Board that required a dangerous dog to be humanely euthanized. Because we find that the circuit court misapplied the correct law, we quash the order on review.
*115 Elaine Green is the owner of Max, a male boxer that had previously been declared a dangerous dog in a separate administrative hearing before the Marion County Code Enforcement Board in 2005. Max's classification as dangerous is not at issue.
In November 2006, Max attacked another dog without provocation. As a result, the City of Ocala informed Ms. Green that its animal control officer had seized Max and that he would be humanely destroyed ten business days hence, unless a hearing was requested. At Ms. Green's request, a hearing was conducted, but the Board upheld the destruction order. Ms. Green then sought relief in the circuit court, which stayed the order. After a hearing, the circuit court concluded that the proceeding against Ms. Green and Max was procedurally flawed because Ms. Green was not prosecuted and convicted criminally for violating Florida's dog bite law, section 767.13, Florida Statutes (2007). The city now seeks review of that order.
The standard of review of an appellate decision of the circuit court of a local administrative decision is (1) whether the parties received due process and (2) whether the circuit court applied the correct law.[1]See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003); Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001); see also City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
Section 14-62 of the City of Ocala Code, concerning dangerous dogs, provides in pertinent part:
Sec. 14-62. Attack or bite by dangerous dog.
(a) The provisions of F.S. s. 767.13 are adopted by reference.
(b) All references in F.S. s. 767.13(1), (2) and (3), as adopted in this section, to a notification or hearing under F.S. s. 767.12 shall be deemed to refer to the corresponding notification or hearing under section 14-61. All hearings required by such subsections shall be held before the code enforcement board pursuant to F.S. s. 167.07.
(c) Penalties. A violation of this section shall be punished in accordance with the schedule of fines listed in section 14-33.
Section 767.13(1), Florida Statutes, the statute "adopted by reference" in section 14-62, provides:
767.13. Attack or bite by dangerous dog; penalties; confiscation; destruction.
(1) If a dog that has previously been declared dangerous attacks or bites a person or a domestic animal without provocation, the owner is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. In addition, the dangerous dog shall be immediately confiscated by an animal control authority, placed in quarantine, if necessary, for the proper length of time, or impounded and held for 10 business days after the owner is given written notification under s. 767.12, and thereafter destroyed in an expeditious and humane manner. This 10-day time period shall allow the owner to request a hearing under s. 767.12. The owner shall be responsible for payment of all boarding costs and other fees as may be required to humanely and safely keep the animal during any appeal procedure.
*116 As Ms. Green and her counsel properly and candidly concede,[2] the trial court erred by concluding that section 767.13 required that the dog owner be criminally prosecuted and found guilty, as a condition precedent to the dangerous dog's confiscation and destruction. While section 767.13(1) permits the criminal prosecution of a dangerous dog's owner, the statute also further provides that "[i]n addition," the dog "shall be immediately confiscated" and held for ten business days to afford the owner an opportunity to request a hearing. If the owner does not request a hearing, or does not prevail after requesting a hearing, the dangerous dog must then be destroyed in an expeditious and humane manner. The statute contains no requirement that the owner first be found guilty of violating the misdemeanor dangerous dog statute before the dog is subject to being confiscated and euthanized.
When the language of a statute is clear and unambiguous and conveys a clear and definite construction, there is no need for a court to resort to the rules of statutory interpretation; rather, the court must give the statute its plain and obvious meaning. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). Section 767.13(1) is clear. The trial court's interpretation of the statute violates established statutory law. As a result, we grant the petition and quash the circuit court's order.
PETITION GRANTED; ORDER QUASHED.
TORPY and EVANDER, JJ., concur.
NOTES
[1] The second prong requires this Court to determine whether the circuit court observed the essential requirements of law for purposes of certiorari. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995) ("[W]e conclude that `applied the correct law' is synonymous with `observing the essential requirements of law.'").
[2] Counsel's concession of error is commendable and demonstrates professionalism.