COHEN, J.
Brian Weightman was convicted and sentenced for aggravated stalking and false report of a bomb. Weightman challenges the sufficiency of the evidence for each charge. We affirm.
Weightman had been employed as a cook at a bar and grill in New Smyrna Beach for three weeks when he was fired. When he returned to the bar to pick up his last paycheck, a dispute arose over the number of hours worked. Weightman became agitated and was asked to leave. Less than a week later, he called the bar still complaining about his pay. The part owner/general manager explained to Weightman that he would not be paid because he had not clocked in and out and the other employees indicated he had not worked. Weightman became belligerent and profane and told the general manager that he knew where she lived, the kind of car she drove, and was going to kill her. The police were called and a report taken. Approximately one hour later, Weightman once again called the bar, telling them they had 13 minutes to get out of the building— a bomb was going to go off. The police were called and, at their direction, the bar and grill and adjacent businesses were evacuated. The causeway to New Smyrna Beach was closed until a bomb-sniffing dog was able to clear the location.
The only issue raised that merits discussion centers on the conviction for aggravated stalking. Weightman contends that his conviction for aggravated stalking may not be predicated upon conduct made criminal by other statutes. To support this proposition, he cites obvious dictum in Curry v. State, 811 So.2d 736, 741 (Fla. 4th DCA 2002), stating, “The stalking statute was intended to fill gaps in the law by criminalizing conduct that fell short of assault and battery.” The weakness with his argument is that the Curry court reversed a conviction for aggravated stalking because the underlying acts of filing complaints and requesting information from government agencies were constitutionally protected and served a “legitimate purpose.” Id. at 743. As the court found, this was just the type of behavior expressly excluded under the terms of the statute. The court did not address whether an aggravated stalking conviction could be predicated on criminal acts otherwise prohibited by statute. Nor did the court state that an aggravated stalking conviction could only be predicated on behavior that did not rise to the level of an assault. Even construing Weightman’s argument in its most favorable light, it must nonetheless be rejected because it is not supported by the clear language of the statute.
We agree that aggravated stalking can encompass acts that, in and of themselves, might fall short of prosecutable conduct. However, this does not mean that illegal acts cannot also form the basis for an *592 aggravated stalking conviction. Support for this conclusion is found in the plain terms of the statute.
Section 784.048(3), Florida Statutes (2006), defines aggravated stalking as:
Any person who willfully, maliciously, and repeatedly follows, harasses, or cy-berstalks another person, and makes a credible threat with the intent to place that person in reasonable fear of death or bodily injury of the person ... commits the offense of aggravated stalking. ...
Within the statute, the following terms are defined:
(a) “Harass” means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) “Course of conduct” means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of “course of conduct.” Such constitutionally protected activity includes picketing or other organized protests.
(c) “Credible threat” means a threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person. § 784.048(1).
As the plain terms of the statute indicate, threats that fall short of assault, as defined by section 784.011, may form the basis of an aggravated stalking charge. However, nothing within its plain terms requires the conduct to be non-criminal. When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). Courts are without power to construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications. Id. (citation omitted). It is bound to simply apply the language of the statute. GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). Because the prohibited behavior under the statute encompasses both non-criminal and criminal behavior, Weightman’s argument that his conviction cannot be sustained is simply unavailing.
Besides, the specter of an aggravated stalking trial where the State argues the defendant’s acts fell short of a crime, while the defense attorney argues the client’s actions were, in fact, criminal is incongruous.
Accordingly, we AFFIRM Weightman’s convictions and sentences.
ORFINGER and TORPY, JJ., concur.