TAYLOR, J.
 

 Caproc Third Avenue, LLC (Caproc) obtained a final judgment holding Scott Gor-ton, Charles Donisi, and Donisi Insurance Company, Inc. jointly and severally liable for damages under a lease agreement and guarantee. After a writ of garnishment was issued against Charles Donisi’s personal bank accounts, Donisi filed an Emergency Motion to Dissolve the Writ and executed an affidavit asserting that his accounts were exempt from garnishment under the “wages exception” and the “head of household” exemption. In response, Caproc’s attorney filed an “attorney’s affidavit,” wherein he denied under oath the facts set forth in- Donisi’s affidavit for exemption. The trial court dissolved the writ after determining that the affidavit filed by Caproc’s attorney was legally insufficient to satisfy Caproc’s burden, under section 222.12, Florida Statutes, to deny under oath the facts set forth in the judgment debtor’s affidavit for exemption. We affirm.
 

 To support his emergency motion to dissolve the writ of garnishment, Donisi, the judgment debtor, filed an affidavit in which he claimed the “head of family wages” exception and swore that he “provide[s] more than one-half of the support for a child or other dependent,” “has net earnings of more than $500 per week,” and “has not agreed in writing to have his wages garnished.” Following a brief telephonic hearing, the trial court entered an Order Denying Emergency Hearing and Dissolution of Writ, Without Prejudice for Parties to Follow Statutory Procedure for Sworn Denial and Trial.
 

 Caproc’s attorney, Justin D. Jacobson, Esq., responded by executing an affidavit entitled “Plaintiffs Denial Under Oath of Defendant’s Affidavit for Exemption from Garnishment Under Florida Statute § 222.12.” The attorney’s affidavit
 
 *314
 
 stated that he personally appeared before a notary and that, after being duly sworn, pursuant to section 222.12, Florida Statutes (2009), “Plaintiff hereby denies under oath that the Defendant is entitled to the exemption claimed in the Affidavit for Exemption.” The judgment debtor moved to strike the attorney’s affidavit oh the grounds that: (1) the attorney lacked any personal knowledge of the facts set forth in the affidavit; (2) the
 
 attorney
 
 lacked authority to execute the affidavit on behalf of the Plaintiff; and (3) the affidavit amounted to hearsay, thereby making it insufficient under section 222.12. Following a hearing on the motion to strike the affidavit, the trial court entered an order striking the attorney’s affidavit and dissolving the writ of garnishment. The court explained that there was “no denial ‘by the party who sued out the process within the time above set forth and under oath,’ as req[uire]d by F.S. § 222.12, but rather only a denial under oath of an attorney who is not the person req[uired] by the statute to make the denial under oath.” Following the dissolution of the writ and denial of Caproc’s motion for rehearing, Bank of America released all of the judgment debtor’s previously garnished funds. Caproc then filed this appeal.
 
 [1]
 

 Caproc contends that the trial court erred in dissolving the writ of garnishment, arguing that it was proper under the statute for its attorney, rather than Caproc itself, to execute a sworn denial of the judgment debtor’s claim of head of household exemption. The judgment debtor counters that the trial court correctly followed the plain language of section 222.12 and applicable case law in finding that the attorney’s affidavit was legally insufficient to satisfy Caproc’s burden. He maintains that the statute requires that the “facts set forth” in a judgment debtor’s affidavit for exemption must be “denied by the party who sued out the process, within the time set forth and under oath.” Thus, he argues, the statute precludes the party’s attorney from making the denial.
 

 Section 222.12, Florida Statutes (2009), establishes the procedure regarding a claim of exemption from garnishment. It provides the following:
 

 Whenever any money or other thing due for labor or services as aforesaid is attached by such process, the person to whom the same is due and owing may make oath before the officer who issued the process or before a notary public that the money attached is due for the personal labor and services of such person, and she or he is the head of a family residing in such state. When such an affidavit is made, notice of same shall be forthwith given to the party, or her or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 business days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit [of exemption] are denied by the
 
 party who sued out the process
 
 within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the pro
 
 *315
 
 cess until released by the judgment of the court which shall try the issue,
 

 (emphasis added).
 

 If “ ‘the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (quoting
 
 A.R. Douglass, Inc., v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (1931)). We agree with the trial court that the above statute is clear and unambiguous. It requires the party, and not the attorney, to deny under oath the facts set forth by the debtor. The court thus properly ended the garnishment proceedings, as there was no denial under oath ‘by the party who sued out the process,” as required by F.S. § 222.12, but rather only a denial under oath of an attorney.
 

 “[Ujnder a statute requiring an affidavit to be made by a particular person himself, his agent or attorney cannot make it.”
 
 S. Attractions, Inc. v. Grau,
 
 93 So.2d 120, 125 (Fla.1956). Moreover, as our court has previously stated, when “affidavits contain no other information than that which ha[s] been furnished to the affiants by the petitioner, they would obviously be legally insufficient.”
 
 Gieseke v. Grossman,
 
 418 So.2d 1055, 1057 (Fla. 4th DCA 1982) (citing
 
 Hahn v. Frederick,
 
 66 So.2d 823 (Fla.1953)).
 

 We find no merit in Caproc’s argument that the trial court’s interpretation of the statute violates due process and renders the statute unconstitutional as applied.
 

 Affirmed.
 

 STEVENSON and GERBER, JJ., concur.
 

 [1]
 

 . The judgment debtor contends that this matter is now moot as the garnishee no longer possesses any funds belonging to the judgment debtor; thus Caproc cannot obtain affirmative relief. However, “mootness does not destroy a court’s jurisdiction if the question raised is of great public importance or is likely to recur, or if the error is capable of repetition yet evading review.”
 
 McLaughlin v. Dep't of Highway Safety and Motor Vehicles,
 
 2 So.3d 988, 990 (Fla. 2d DCA 2008) (quoting
 
 Kelley v. Rice,
 
 800 So.2d 247, 250 (Fla. 2d DCA 2001)).