DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PALM BEACH RESURFACING, INC.,**
Appellant,

v.

**MICHELLE RENEE FLOYD,**
Appellee.

No. 4D2024-0019

[January 15, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes and Carolyn R. Bell, Judges; L.T. Case No. 50-2021-CA-007932-XXXX-MB.

Wesley T. Mathieu of Sklawyers, PLLC, Cape Coral, for appellant.

Alterraon Phillips of APLaw, LLC, Royal Palm Beach, for appellee.

CONNER, J.

In this construction lien enforcement case, the plaintiff, Palm Beach Resurfacing, Inc. ("the Contractor"), appeals the final summary judgment and attorneys' fees award in favor of the defendant, Michelle Renee Floyd ("the Homeowner"). For the reasons discussed below, we reverse the final summary judgment and the attorney's fees award.

**Background**

This case stems from pool-area resurfacing work which the Contractor completed for the Homeowner. After the Contractor completed the work, the Homeowner refused to pay the Contractor. The Contractor recorded a claim of lien and filed suit.

The Homeowner asserted affirmative defenses and a counterclaim for poorly performed work. The Homeowner's primary defense was that the Contractor's claims were barred because the Contractor was not properly licensed under the Palm Beach County codes pertaining to construction contractors. The Homeowner asserted this defense in moving for summary judgment.

The summary judgment motion cited various state statutes preventing unlicensed contractors from enforcing construction liens. The Homeowner also cited Palm Beach County code and ordinance provisions governing contractor competency certification requirements.

The only Palm Beach County code penalty provision that the Homeowner cited in the summary judgment motion was section 7-20, which provides:

> Any person who commits an act prohibited by section 7-17 of this article may be charged with a first degree misdemeanor and may be punished accordingly. In accordance with the F.S. section 489.127, any unlicensed person who commits a violation of subsection 7-17(a) of this article, after having been found previously guilty of such violation, commits a felony of the third degree. In accordance with F.S. section 489.127, any person who refuses to accept a citation commits a second degree misdemeanor.

Palm Beach County Code, § 7-20 (Nov. 30, 2018).

The Homeowner also filed a copy of Palm Beach County Ordinance 97-56, which was incorporated into the county code in 1997. Ordinance 97-56 granted the county certification board (or a special master) with authority to "assess <u>fines</u> as set forth in Fla. Stat. § 489.127 and the Special Act." (emphasis added). The ordinance did not otherwise incorporate the penalties provided in chapter 489.

The Contractor responded that while it did not hold a state license or county certificate at the time of the work, its president held a certificate of competency, albeit listing a different company. The Contractor admitted that Palm Beach County ordinances required a certificate of competency for the work performed for the Homeowner. However, the Contractor emphasized that a state contractor's license was not required for the work. The Contractor argued that chapter 489's unenforceable contract remedy was unavailable to the Homeowner.

After finding the contract was unenforceable, the trial court granted summary judgment in favor of the Homeowner on the Contractor's claims. In addition, the trial court ordered the contractor's lien and lis pendens dissolved, but did not resolve the Homeowner's counterclaim. Eventually, the Homeowner voluntarily dismissed the counterclaim, and the trial court issued a final summary judgment. The Contractor appealed.

<h1 style="text-align:center">Appellate Analysis</h1>

The standard of review of an order granting summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

> [W]here the question involves interpretation of a statute, it is subject to de novo review." *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011) (emphasis omitted). "Municipal ordinances are subject to the same rules of construction as are state statutes." *Rinker Materials Corp. v. City of North Miami*, 286 So. 2d 552, 553 (Fla. 1973). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Valencia Rsrv. Homeowners Ass'n v. Boynton Beach Assocs., XIX, LLLP*, 278 So. 3d 714, 717 (Fla. 4th DCA 2019) (quoting *A.R. Douglass, Inc. v. McRainey*, 102 Fla. 1141, 137 So. 157, 159 (1931)).

*ABA Interior Inc. v. Owen Grp. Corp.*, 338 So. 3d 264, 266 (Fla. 4th DCA 2022).

The Contractor argues on appeal that the trial court erred in granting summary judgment because, as a matter of law, chapter 489's unenforceable contract remedy applies exclusively to state (not local) licensing violations.

Whether chapter 489's "unenforceable contract" remedy was correctly applied by the trial court requires an analysis of two categories of law: (1) chapter 489's governing remedies for licensing violations; and (2) Palm Beach County ordinance and code provisions governing remedies for competency certification violations.

### 1. *State Provisions*

Section 489.105(3), Florida Statutes (2018), defines who is a "Contractor" as the term used in Chapter 489:

> "Contractor" means the person who is qualified for, and is only responsible for, the project contracted for and means, except as exempted in this part, the person who, for compensation,

undertakes to, submits a bid to, or does himself or herself or by others construct, <u>repair, alter, remodel</u>, add to, demolish, subtract from, <u>or improve any building or structure, including related improvements to real estate</u>, for others or for resale to others; and <u>whose job scope is substantially similar to the job scope described in one of the paragraphs of this subsection</u>. . . . Contractors are subdivided into two divisions, Division I, consisting of those contractors defined in paragraphs (a)-(c), and Division II, consisting of those contractors defined in paragraphs (d)--(q)[.]

§ 489.105(3), Fla. Stat. (emphasis added). The listing and definition of contractor types in subsections (a)-(q) that are potentially relevant to this case are "commercial pool/spa contractor," "residential pool/spa contractor," and "swimming pool/spa servicing contractor." § 489.105(3)(j), (k), and (l), Fla. Stat. However, based on the work performed by the Contractor, it does not appear a state license was required pursuant to section 489.105(3). Significantly, the Homeowner makes no argument on appeal that the Contractor was required to have a <u>state license</u> for the work performed.

Section 489.128, Florida Statutes (2018), provides a limited remedy for parties who have contracted with unlicensed contractors: "As a matter of public policy, contracts entered into . . . by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor." § 489.128(1), Fla. Stat. This remedy applies not only to individual contractors, but also to entities: "A business organization is unlicensed if the business organization does not have a primary or secondary qualifying agent in accordance with this part concerning the scope of the work to be performed under the contract." § 489.128(1)(a), Fla. Stat. In other words, if a contracting entity does not have at least one agent with an appropriate license, the entity is also considered "unlicensed."

Chapter 489's "unenforceable contract" remedy, however, is explicitly restricted to contractor work requiring a state license: "<u>if a state license is not required for the scope of work to be performed</u> under the contract, the individual performing that work is not considered unlicensed." § 489.128(1)(a), Fla. Stat. (emphasis added). More importantly, section 489.128 contains no provisions permitting local entities to enforce this remedy.

Section 489.127, Florida Statutes (2018), in contrast, provides remedies for contractors who "[e]ngage in the business or act in the capacity of a contractor . . . without being duly <u>registered</u> or <u>certified</u> [as

4

competent.]" § 489.127(1)(f), Fla. Stat. (emphasis added). The remedies are mostly criminal penalties. § 489.127(2)-(6), Fla. Stat. Notably, no language in section 489.127 refers to section 489.128.

Section 489.127 provides a much broader remedy than section 489.128, in that section 489.127 specifically permits local entities to enforce its provisions:

> Each county or municipality may, at its option, designate one or more of its code enforcement officers . . . to enforce, as set out in this subsection, the provisions of subsection (1) and s. 489.132(1) against persons who engage in activity for which a county or municipal certificate of competency or [state] license or state certification or registration is required.

§ 489.127(5), Fla. Stat. (emphasis added).[1] Again, it is notable that no language in section 489.127 refers to section 489.128. Importantly, section 489.127 makes clear that the grant of power to local entities is limited to the section 489.127 remedies, not chapter 489 in general.

Thus, chapter 489 provides separate and exclusive remedies against (1) contractors failing to hold state licenses when required, and (2) contractors that are not "registered or certified" when required. Chapter 489 permits counties to enforce remedies against registration and certification violations but not state license violations.[2] As discussed further below, the trial court appears to have missed this distinction.

## 2. *County Provisions*

Below, and on appeal, the Homeowner has relied on "Chapter 67-1876, Special Act as amended" which was a 1967 session law that, years ago, was incorporated into the Palm Beach County local laws. The local law provisions have been amended several times over the years.

Palm Beach County local law section 7-52 requires all Contractors to obtain a certificate of competency before performing certain work:

---

[1] Section 489.132 governs administrative investigations and penalties, including fines and suspension or revocation of certificates or registrations. § 489.132, Fla. Stat. (2018).

[2] Because the issue is not before us, we do not address whether Palm Beach County could enforce any violations regarding the Contractor not being certified or registered to perform the work under the contract with the Homeowner.

> *Contractor* means the person who is qualified for and responsible for the entire project contracted for and means, except as exempted in this chapter, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others. <u>A Contractor shall hold a certificate of competency as provided by this chapter before bidding or performing work requiring certification</u>.

Palm Beach County Code, App. G (Local Laws), § 7-52(A) (Nov. 30, 2018) (underline emphasis added).  Section 7-56(B) states, "When approved, the certificate of competency shall be in the name of the qualifying individual and the name of the business organization shall be noted thereon."  Palm Beach County Code, App. G (Local Laws), § 7-56(B) (Nov. 30, 2018).

The local law provisions provide a single penalty, apart from administrative disciplinary action, for contractors "engag[ing] in the business or act in the capacity of a contractor without having met the provisions of this [article]": a "first degree misdemeanor" conviction.  *See* Palm Beach County Code, App. G (Local Laws), § 7-60(A), (E) (Nov. 30, 2018).  In other words, the local codes and ordinances only provide for administrative discipline and criminal punishment for violations of contractor competency or licensing requirements.

### 3. *The Trial Court Did Not Apply the Plain Language of Section 489.128 and County Ordinances.*

In finding the contract in this case was unenforceable, the trial court cited section 489.128(1) and found:

> As Palm Beach County Ordinances and the Law of Florida Chapter 67-1876 grants the authority to enforce Florida Statutes Chapter 489 against those who do not possess a Certificate of Competency; this Court finds the Plaintiff has no remedy in law or equity and Final Summary Judgment is Granted in favor of [the Homeowner].

We conclude the trial court erred as a matter of law because neither the county code nor chapter 489 permitted the trial court to impose an "unenforceable contract" remedy on the facts of this case.

6

Although, in opposing summary judgment, the Contractor had raised the argument that the statutory "unenforceable contract" remedy did not apply, the trial court did not address the section 489.128(1)(a) language, explicitly restricting the contractual unenforceability remedy to state license violations. Nor did the trial court recognize that section 489.128 does not contain any provisions permitting enforcement by local entities.

Further, the trial court overlooked the plain language of penalty provisions in the local laws relied upon in finding the contract unenforceable. The trial court claimed that Palm Beach County Ordinance 97-56 broadly "grants the authority to enforce Florida Statutes Chapter 489 against those individuals and/or entities that are required to hold a certificate of competency as issued by the county." The ordinance's actual text is much narrower: it grants a local administrative board the authority to "assess <u>fines</u> as set forth in Fla. Stat. § 489.127 and the Special Act." *Id.* (emphasis added). The ordinance does not otherwise incorporate the penalties provided in chapter 489. *Id.*

The trial court's error apparently stems from the failure to recognize that sections 489.127 and 489.128 are wholly separate statutory schemes. When the two statutes are read together, it is clear the remedies for the asserted contractor competency violations stem from section 489.127, and not section 489.128. The trial court erred in applying section 489.128's "unenforceable contract" remedy to this case.

### Conclusion

Having determined the trial court erred in construing statutes and local ordinances and codes in applying the statutory unenforceable contract remedy, we reverse the grant of summary judgment and direct the trial court to vacate the order granting summary judgment and the final summary judgment. Because we reverse the final summary judgment, we also reverse the order granting attorney's fees to the Homeowner.

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

7